# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2026

Lyle W. Cayce
Clerk

No. 24-60619
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee,*

*versus*

Ramirez M. Ivy,

*Defendant—Appellant.*

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CR-86-1

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges.*

Per Curiam:[*]

A jury convicted Ramirez M. Ivy of conspiracy to commit wire fraud and of aiding and abetting the commission of wire fraud for Ivy's participation in a conspiracy to defraud the Small Business Administration (SBA) with fraudulent Economic Injury Disaster Loan (EIDL) applications. The district court sentenced Ivy to 18 months of imprisonment as to each

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

count of conviction, ordering that the sentences run concurrently. Ivy appeals his conviction.

Ivy argues that the district court should have sua sponte dismissed the case on the ground that the government engaged in outrageous conduct. Specifically, Ivy contends that Lakeith Faulkner—an SBA employee who has since pleaded guilty for his participation in the same enterprise—was largely responsible for devising and effectuating the scheme underlying Ivy's conviction. Ivy further asserts that, after the scheme was revealed, Faulkner agreed to cooperate with prosecutors and to give testimony inculpating Ivy and others in exchange for a more lenient sentence. Ivy argues that the district court should have barred Ivy's conviction based on these facts. We review his claim, which he asserts for the first time on appeal, for plain error. *See United States v. Sandlin*, 589 F.3d 749, 758 (5th Cir. 2009).

Ivy has failed to establish that the district court committed plain error by not sua sponte dismissing the indictment based on outrageous governmental conduct. To be sure, due process protections may prohibit a conviction where certain government officials have engaged in outrageous misconduct. *See United States v. Evans*, 941 F.2d 267, 270–71 (5th Cir. 1991). But that occurs "only in the rarest and most outrageous circumstances," *id.*, and a defendant claiming outrageous misconduct must establish "both substantial government involvement in the offense and a passive role by the defendant," *United States v. Gutierrez*, 343 F.3d 415, 421 (5th Cir. 2003).

Ivy's argument falters on two counts. First, Ivy has not shown that the doctrine of outrageous government conduct applies to government employees who are not acting with, or at the direction of, a governmental agency involved in investigating or prosecuting the defendant when the offenses are committed. *See United States v. Graves*, 556 F.2d 1319, 1323–26 (5th Cir. 1977); *Evans*, 941 F.2d at 270–71. Second, Ivy does not explain how,

No. 24-60619

even if the doctrine did apply to government employees like Faulkner, the circumstances here would satisfy the test. Ivy has not shown that Faulkner's conduct rises to the requisite level of outrageousness nor that his own role was passive. *Cf. Gutierrez*, 343 F.3d at 421. Accordingly, he has not demonstrated that he is entitled to relief on plain error review.

AFFIRMED.